02-11-314-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00314-CR

 

 


 
 
 Leo Clement
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 4 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Leo Clement of possession of methamphetamine, and the
trial court sentenced him to seven years’ confinement.  In his sole point, Appellant
contends that the trial court erred by overruling his objection to a question the
prosecutor asked him.  Because the trial court committed no error, we affirm
the trial court’s judgment.

During
cross-examination, the State asked Appellant whether he had ever used
methamphetamine and whether he had been placed on probation for using
methamphetamine:

[State]:  Earlier you said that you
never in your life used methamphetamine.  I’m going to give you one chance to
take that back if that’s not true.

[Appellant]:  No, ma’am.  I’ve never
used it.

[State]:  Do you recall being put on
probation for possession of controlled substance under one gram in the 372nd
District Court in this county, Tarrant County, on—in November of 2004?  Do you
recall that?

[Appellant]:  Yes, ma’am.

[State]:  Okay.  And do you recall
that while you are—do you recall getting—putting—being put on probation for
that offense?

[Appellant]:  Yes, ma’am.

[State]:  And do you recall in March,
specifically March 21st, 2005, testing positive for methamphetamine while you
were on probation?

[Appellant]:  No, ma’am.  I’ve handled
it before.  I’ve never—never used it.

[State]:  Then why were you revoked on
probation?

[Appellant]:  So many dirty UAs and
failure to report and no fees.  I didn’t pay my fees.  And there’s a number of
reasons.

[State]:  So if there is a petition to
revoke your probation that the probation department filed alleging that you
used methamphetamine on March 21st, 2005, the Tarrant County probation officer
is lying?

[Appellant]:  It was in my system. 
That doesn’t mean I used it necessarily, because I’ve never used it.

[State]:  So you are admitting that
methamphetamine was in your system?

[Appellant]:  Yes, ma’am.  If they
tested it and it came, then I suppose it was.  I can’t change it.

On redirect examination,
Appellant’s attorney attempted to clarify whether Appellant had pled true to
methamphetamine use:

[Defense Counsel]:  [Y]ou mention on
your probation that got revoked there were several allegations in the—in the
document asking for your probation to be revoked.  . . . Do you remember which ones
you pleaded true to and which ones you pled not true to?

[Appellant]:  I pled true to all—everything
I’ve done.

[Defense Counsel]:  I know.  But, I
mean, in this specific instance . . .

[Appellant]:  Yes, sir.

[Defense Counsel]:—charge.  Because
you could be revoked for pleading true to only one of those; is that correct?

[Appellant]:  Yes.  You can be, yes,
sir.

[Emphasis added.]

Then
on re-cross-examination, the State questioned Appellant about whether he had
just testified that he had pled true to methamphetamine use:

[State]:  [Y]ou just admitted that
you pled true to the probation department’s allegation that you used
methamphetamine, correct?

[Appellant]:  I’m sorry?

[State]:  You said earlier, just to
your defense attorney, that you pled true to all of those allegations.

[Defense Counsel]:  Objection, Your
Honor.  I don’t think that’s what he said.  I think he said he pled true to
something.

THE COURT:  I’ll overrule the
objection.

[State]:  Did you earlier say that
you pled true to all of those allegations?

[Appellant]:  To the things I’ve used,
yes, ma’am.

[Emphasis added.]

On
appeal, Appellant argues in one point that the trial court erred by overruling
his attorney’s objection to the State’s question about whether he had pled true
to the probation department’s allegation that he had used methamphetamine.  Appellant
specifically contends that the prosecutor improperly prefaced the question with
mischaracterized earlier testimony—that Appellant had pled true to using
methamphetamine—and that the improper question was therefore prejudicial
because it assumed facts not in evidence on a critical issue in the case.  As
the Texas Court of Criminal Appeals has explained,

When
the defendant in a criminal case voluntarily takes the stand and testifies in
his own behalf, he occupies the same position and is subject to the same rules
of cross-examination as any other witness.  He may be contradicted,
impeached, made to give evidence against himself, cross-examined as to new
matter, and treated in every respect as any other witness testifying in behalf
of the defendant, except when there are overriding constitutional or
statutory prohibitions; for example, where a statute forbids certain matters to
be used against him, such as proof of his conviction on a former trial of the
same case, or his failure to testify on a former trial, or a confession made
while he was in jail without his having been first cautioned that it might be
used against him.

This
Court rarely reverses a conviction of a crime solely because an improper
question was propounded to the defendant as a witness.  To cause reversal the
question must be obviously harmful to the defendant.

In
deciding such question it must be remembered that each case has its own
characteristics and this Court will look at the entire record with the surrounding
circumstances, the nature of the evidence sought and its possible relationship
to other testimony in order to determine the probability or possibility of
injury.[2]

Appellant
testified in this proceeding that he had never used methamphetamine, yet he admitted
that drug tests had shown methamphetamine in his system and that
methamphetamine traces might have accompanied the illicit drugs that he had
admittedly intentionally used.  Further, the prosecutor could have reasonably
taken Appellant’s statement, “I pled true to all,” before his ambiguous
qualifier, as evidence that he had in fact pled true to the allegation that he
had used methamphetamine.  While Appellant argues that the prosecutor “knew (or
should have known)” that the question she posed was not factually correct, Appellant
directs us to no place in the record that supports his position.[3]
 We therefore hold that the question was proper.

Alternatively,
the State asked the challenged question or a variation of the question three
times.  Appellant objected only once, to the second question propounded, and
that objection was actually a statement that counsel did not “think that’s what
[Appellant] said.”  We therefore alternatively hold that Appellant failed to
preserve his complaint for our review.[4] 
We overrule Appellant’s sole point.

Having
overruled Appellant’s sole point, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 28, 2012









[1]See Tex. R. App. P. 47.4.





[2]Guzmon v. State,
697 S.W.2d 404, 408 (Tex. Crim. App. 1985), cert. denied, 475 U.S. 1090
(1986) (internal quotations and citations omitted).





[3]See Busby v. State,
253 S.W.3d 661, 673 (Tex. Crim. App.) (stating that the court “has no
obligation to construct and compose appellant’s issues, facts, and arguments
‘with appropriate citations to authorities and to the record’”), cert.
denied, 555 U.S. 1050 (2008).





[4]See Tex. R. App. P.
33.1(a)(1)(2); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996), cert. denied, 520 U.S. 1173 (1997).